# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RONALD K. SERAFIN,** | ) | **CASE NO. 4:22-CV-467** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE BENITA Y. PEARSON** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THOMAS D. BROWN,** *et. al.*, | ) | **DEFENDANTS THOMAS D. BROWN** |
| | ) | **AND SCHNEIDER NATIONAL** |
| **Defendants.** | ) | **CARRIERS, INC.'S MOTION IN** |
| | ) | **LIMINE TO EXCLUDE PLAINTIFF'S** |
| | ) | **EXPERT LINDA LAJTERMAN** |

Defendants Thomas D. Brown and Schneider National Carriers, Inc. ("Schneider"), by and through counsel, respectfully request the Court exclude Ms. Lajterman (Life Care Planner) from testifying as an expert witness in this matter. For the reasons set forth fully below, Plaintiff has disregarded this Court's scheduling order and the Federal Rules of Civil Procedure by untimely and improperly disclosing this expert approximately three months past Plaintiff's expert disclosure deadline and over one month after Defendants disclosed their experts.

A Memorandum in Support is attached and incorporated herein.

Respectfully submitted,

*/s/*Matthew A. Smartnick
**TIMOTHY P. ROTH (0064146)**
**MATTHEW A. SMARTNICK (0096932)**
**GALLAGHER SHARP LLP**
1215 Superior Avenue, 7th Floor
Cleveland, Ohio 44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
troth@gallaghersharp.com
msmartnick@gallaghersharp.com
*Attorneys for Defendants Thomas D. Brown and*
*Schneider National Carriers, Inc.*

<u>**MEMORANDUM IN SUPPORT**</u>

## I.      INTRODUCTION

This lawsuit arises out of an accident on I-80 westbound between two tractor-trailers on December 18, 2019 in Austintown, Mahoning County, Ohio. (*See* Pl.'s Compl. ¶14). Defendant Brown accidently side-swiped Plaintiff's stopped tractor-trailer which was in the right most lane of travel.  (Dep. Tr. Of *Ronald Serafin*, at 101:1-107:7, relevant portions attached as **Exhibit A**.)[1] Plaintiff was able to exit his truck on his own after the accident and walk around. (*Id*. at 119:9-14). Plaintiff reported to law enforcement officers at the scene of the accident that he was not injured. (*Id*. at 122:13-16). Plaintiff left the scene of the accident in a tow truck rather than an ambulance. (*Id*. at 126:9-18).

Despite no objective evidence of Plaintiff sustaining an injury at the scene of the accident, Plaintiff went "through the motions" of undergoing physical therapy and had over a half dozen surgeries to his lumbar spine, cervical spine, left shoulder, right shoulder, left knee, and right knee. (*Id*. at 139:3-22).

Plaintiff did not disclose any experts in response to written discovery or pursuant to Fed. R. Civ. P. 26(a)(2) until months after the deadline.  As such, Plaintiff's Life Care expert Ms. Lajterman should be excluded from testifying as an expert witness at the trial of this matter as her report was not produced by Plaintiff's counsel until three months after the Court's disclosure deadline and after Defendants produced their own expert reports.

## II.      RELEVANT PROCEDURAL HISTORY

On July 20, 2022, Plaintiff provided Defendants with his Rule 26 initial disclosures. (See Pl.'s *Initial Disclosures*, attached hereto as **Exhibit B**). Plaintiff's initial disclosures did not mention Ms. Lajterman or any intention of retaining a life care planning expert. (*Id*.).

---

[1] The full deposition transcript of *Plaintiff Ronald Serafin* is being filed contemporaneously with this Motion.

This Court conducted a Case Management Conference on July 11, 2022 and entered its Case Management Order on the same day. (Doc. 46). The Court ordered that the party initially seeking to introduce expert testimony ("Plaintiff") must disclose experts and, if required, (i.e., a rebuttal expert) exchange expert reports on or before <u>December 13, 2022</u>. (*Id*.). Defendants must disclose experts and, if required, exchange on or before <u>February 13, 2022</u>. (*Id*.).

The parties conducted written discovery, including interrogatories and request for production of documents. In response to Defendants' Interrogatory No. 23 requesting that Plaintiff identify any and all expert witnesses, Plaintiff did not mention Ms. Lajterman or a life care planner. (*See* relevant portion of Plaintiff's responses to Defendants' Interrogatories, attached hereto as **Exhibit C**).

Additionally, Defendants requested in Request for Production No. 6 that Plaintiff produce any and all expert reports. (See relevant portion of Plaintiff's responses to Defendants request for production of documents, attached hereto as **Exhibit D**). Plaintiff responded to request for production No. 6 by stating "to be supplied". (*Id*.).

Plaintiff's expert disclosure deadline of December 13, 2022 came and went, and Plaintiff did not disclose any expert witnesses/reports or requested any extensions of prior to the deadline.

On February 13, 2023, Defendants disclosed their experts and provided their reports pursuant to Fed. R. Civ. P. 26(a)(2) and the Court's Case Management Order. (Doc. 70).

Defendants first learned of Plaintiff's intention of disclosing a life care planning expert a few days prior to the Court's last status conference in early March 2023. Plaintiff submitted Ms. Lajterman's report, dated March 20, 2023, on March 21, 2023. (See *Report of Linda Lajterman,* attached hereto as **Exhibit E**).  Her report, submitted approximately three months after Plaintiff's

expert disclosure deadline and a month after Defendants disclosed its experts, came as a complete surprise to Defendants.

## III.    LAW AND ARGUMENT

### A.    Duty to disclose experts pursuant to Fed.R.Civ.P. 26(a)(2) and standard for sanctions under Fed. Civ, R. P. 37(C)(1).

Pursuant to Fed.R.Civ.P. 26(a)(2)(A), parties are required to disclose the identity of expert witnesses. Retained experts are required to produce corresponding expert reports as outlined under 26(a)(2)(B). However, a party must still disclose expert witnesses not required to produce a corresponding report by identifying the subject matter on which the expert witness is expected to testify upon and providing <u>a summary of the facts and opinions to which the witness is expected to testify.</u> Fed.R.Civ.P. 26(a)(2)(C). "A party must make these expert disclosures at the times and in the sequence that the Court orders." Fed.R.Civ.P. 26(a)(2)(D).

A party without substantial justification that fails to disclose information required by Fed.R.Civ.P. 26(a)…is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion and any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1).

District Courts have broad discretion in excluding untimely disclosed experts. *Pride v. BIC Corp*., 218 F. 3d 566, 578-79 (6th Cir. 2000). Fed. R. Civ. P. 37(c)(1) mandates that a trial Court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or substantially justified. *Roberts v. Galen of Virginia, Inc.,* 325 F. 3d 776, 783 (6th Cir. 2003). The exclusion of expert witnesses as a sanction is automatic and mandatory unless the sanctioned party shows the violation was either justified or harmless. *Salgado v. General Motors Corp.,* 150 F. 3d 735, 742 (7th Cir, 1998). In addition to determining whether the failure to identify expert was substantially justified or harmless, trial courts also consider whether the

4

admission of late reports would unfairly prejudice the other party and whether the untimely disclosure was the result of willfulness, bad faith, or fault. *Lintsky v. City of Solon,* ND Ohio No. 1:16-CV-52, 2016 WL 6124433*1.

Whether an untimely expert disclosure was justified or harmless is based upon the Court's analyzing five factors:

1) Surprise to the party against whom the evidence would be offered;

2) Ability of that party to cure the surprise;

3) Extent to which allowing the evidence would disrupt the trial;

4) The importance of the evidence; and

5) The party's explanation for failing to disclose the evidence.

*Jaiyeola v. Toyota Motor Corp.,* 209 L.Ed 2d 769, 141 S.Ct. 2655.

**B.    Ms. Lajterman must be excluded from testifying as an expert because she was not disclosed by the Court's deadline.**

Plaintiff did not disclose any experts in this matter and his untimely disclosure of Ms. Lajterman should bar her from testifying as an expert in this matter. Plaintiff failed to disclose Ms. Lajterman by his December 13, 2022 deadline and did not request an extension, which would have been unopposed, prior to the deadline.

**C.    Plaintiff's failure to abide by the rules of civil procedure and this Court's order is neither substantially justified nor harmless.**

There is no substantial justification for Plaintiff to fail to properly disclose any experts by the deadline set forth by this Court, including Ms. Lajterman. Plaintiff has been treating for years with multiple medical providers and there is no reason why Plaintiff could not have had Ms. Lajterman or any other life care planner timely prepare a life care plan for Plaintiff.

5

Even if there was a substantial justification, which there is not, disclosure has caused unwarranted prejudice to Defendants and is not harmless. First, Plaintiff and his experts were able to review and analyze the reports of Defendants' experts prior to submission of their untimely reports. This is in violation of the Court's Case Management Order which required Plaintiff to disclose his experts before Defendants. It is paramount that the defending party has the opportunity to see and review the evidence, including expert reports, from Plaintiff, the party bearing the burden of proof at trial, prior to disclosing defense experts. The fact that Defendants now have to combat new opinions contained in Ms. Lajterman's life care plan, which come as a complete surprise to Defendants, after Defendants disclosed its experts unjustifiably prejudices Defendants in this matter. Defendants have the right to take solace that Plaintiff, the party with the burden of proof, has disclosed all of his experts in accordance with the Court's deadline prior to incurring costs associated with defense experts. Allowing Plaintiff to use a life care plan now will unfairly cause Defendants to incur further litigation costs. Plaintiff should not be rewarded for failing to abide by this Court's scheduling order, especially when Defendants have timely disclosed experts.

## IV.     CONCLUSION

For the above mentioned reasons, Defendants respectfully request the Honorable Court grant Defendants' *Motion in Limine* and exclude Ms. Lajterman from testifying as an expert witness at trial.

Respectfully submitted,

/s/ Matthew A. Smartnick
_____
**TIMOTHY P. ROTH (0064146)**
**MATTHEW A. SMARTNICK (0096932)**
**GALLAGHER SHARP LLP**
1215 Superior Avenue, 7th Floor
Cleveland, Ohio  44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
troth@gallaghersharp.com
msmartnick@gallaghersharp.com
*Counsel for Defendants Thelma L. Woods and*
*Transport Corporation of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2023 the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.  All other parties will be served by electronic and/or

regular U.S. Mail.  Parties may access this filing through the Court's system.

*/s/*Matthew A. Smartnick
_____
**TIMOTHY P. ROTH (0064146)**
**MATTHEW A. SMARTNICK (0096932)**
**GALLAGHER SHARP LLP**
*Attorneys for Defendants Thomas D. Brown*
*and Schneider National Carriers, Inc.*