**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RONALD K. SERAFIN, | CASE NO. 4:22-CV-00467 |
| *Plaintiff,* | JUDGE BENITA Y. PEARSON |
| v. | |
| THOMAS D. BROWN, et. al. | **AFFIRMATION IN OPPOSITION TO DEFENDANTS, THOMAS D. BROWN AND SCHNEIDER NATIONAL CARRIERS, INC.'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT LINDA LAJTERMAN** |
| *Defendants.* | |

I, Damon A. Vespi, Esq., being duly sworn, depose and say:

1. I am an attorney licensed in the State of New Jersey (Bar Id: 025991998), and I represent the Plaintiff, Ronald K. Serafin ("Plaintiff"), in the above referenced matter. On September 13, 2022, I was admitted to Appear *Pro Hac Vice* on behalf of Plaintiff. (Doc 53)

2. I make this affirmation in Opposition to Defendants, Thomas D. Brown and Schneider National Carriers, Inc.'s Motion to Exclude Plaintiff's Expert, Linda Lajterman.

3. This action stems from a multi-vehicle tractor trailer accident that occurred on Interstate-80. As a result of the aforementioned accident, Plaintiff has suffered serious and significant injuries for which he has undergone multiple surgeries and therapies. He continues to treat for those injuries to date.

4. On May 20, 2022, counsel for the parties conferred regarding discovery pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b)(3), wherein Plaintiff's counsel advised the type of experts that would be named.

5. On July 11, 2022, the Court held a case management conference, setting discovery deadlines and advising that discovery issues should be worked out amongst the parties. (Doc. 46) This was interpreted to mean and include all discovery issues.

6. At this time, the undersigned misread the order and was under the belief that expert reports were due April 13, 2023.

7. On July 20, 2022, Plaintiff served Rule 26(A) Initial Disclosures and a formal demand breakdown. (Exhibit A - *Plaintiff's Formal Demand Breakdown*) In this demand, Plaintiff listed his non-economic and economic damages. (*Id.*) In the "Economic" portion, Plaintiff detailed all of his medical bills to date and indicated that there would be a **"Future Life Care Plan"** estimated at $1,000,000.00. (*Id.*) (*emphasis added*)

8. In December of 2022, Plaintiff was continuing to undergo treatment for his injuries. This information was necessary for the treating physicians to author accurate narrative reports, particularly with regards to what future medical treatment Plaintiff would likely need. A Life Care Plan is based upon future medical treatment needed as a result of the injuries suffered as a result of the accident. To avoid a speculation, the life care plan should be authored after the completion of treatment when it has been determined whether the individual has permanent injuries and what future treatment will be needed to address and/or alleviate those injuries.

9. Nevertheless, the undersigned remained under the impression that reports were not due until April 13, 2023, and therefore, there was time for Plaintiff to continue treatment and for the experts to review those records and author their respective reports.

10. In early December of 2022, defense counsel requested consent to file a joint motion to extend discovery due to Plaintiff's continued medical treatment. Defense counsel did not specify that it would be limited to fact discovery. Nevertheless, Plaintiff's counsel, in good faith, agreed and permitted defense counsel to sign on behalf of Plaintiff. Again, the undersigned acted under the belief that expert reports were due April 13, 2023. Therefore, while I was aware that the life care plan was contingent upon Plaintiff's continued treatment, the undersigned did not request that the time to serve expert disclosures be extended as well. Additionally, while Defendants were aware that expert reports were not yet served, and that Plaintiff was continuing to treat, Defendant did not confer with Plaintiff regarding expert disclosures or the need to extend.

11. Accordingly, on December 9, 2022, Defendants filed a joint motion on behalf of all parties for the extension of the discovery deadline due to the fact that Plaintiff was continuing to undergo significant treatment for his injuries suffered in the accident and on December 20, 2023, the Court extended fact discovery to March 14, 2023. (Doc 55; Doc 56)

12. Again, at this time, Plaintiff believed, albeit mistakenly, that Plaintiff's expert reports were due April 13, 2023, and that by that date, the treating physicians would have the necessary factual information to author narrative reports, and in turn, a life care plan could be timely obtained and served.

13. Notwithstanding, unfortunately during this time, on December 13, 2023, my mother was found unconscious in her apartment and was rushed to the hospital requiring emergency surgery and use of a ventilator to keep her alive. She remains critically ill, requiring round the clock care. I have been caring for my mother to date while she is likely entering palliative care and was recently diagnosed with pneumonia on March 22, 2023. As a result, this personal issue has been highly contributory to the present situation.

14. As the parties expected, Plaintiff continued to undergo treatment. Specifically, Plaintiff underwent a lumbar epidural in an effort to alleviate his pain. However, he was advised at that time that if the epidural failed, a spinal stimulator would be an option. (*Exhibit B - Letter from Joshua Rovner, M.D.*)

15. Accordingly, on March 8, 2023 and March 20, 2023, Plaintiff served the narrative reports of treating experts, Neil Sinha, M.D. and Deepan N. Patel, M.D. Defendants did not object to the service of these reports.

16. In a phone conversation in early March, I reminded defense counsel of Plaintiff's intention to serve a Life Care Plan, as previously identified in the Settlement Demand made in July of 2022.

17. On March 20, 2023, Plaintiff amended discovery to include the Cost Projection Report of Linda Lajterman regarding projected future medical costs. This report was based upon the opinions of Plaintiff's treating physicians as to what future treatment Plaintiff will require as a result of the accident. Defendants did not object to the service of this report. (*See Defendants' Exhibit E*)

18. Defendants did not request the deposition of any of Plaintiff's experts, including Linda Lajterman, despite having ample opportunity and an expert deadline of April 13, 2023.

19. Defendants did, however, request the depositions of Plaintiff's fiancée and mother. While fact discovery closed on March 14, 2023, Plaintiff acted in good faith to accommodate Defendants, and permitted the depositions without objection ***after the close of fact discovery***, despite these witnesses being identified in Plaintiff's Responses to Interrogatories, dated September 13, 2022. These depositions took place on April 5, 2023. Defendants took no issue when it was to their benefit to engage in discovery beyond deadlines. Nevertheless, as Plaintiff has

always done since the inception of this case, Plaintiff attempted to work together, in good faith, with defense counsel.

20. On April 6, 2023, the parties engaged in mediation. At or around this time, the undersigned learned *for the first time* that Defendants were objecting to Plaintiff's causation reports from the treating physicians.

21. Upon learning that Plaintiff's counsel misread the order, and that now Defendants were objecting, I promptly addressed it with defense counsel, again trying to work to resolve this discovery issue together. In this conversation, Mr. Roth advised that he would review Plaintiff's motion and that he might <u>consent</u> to accept the reports and jointly request an extension of discovery.

22. Plaintiff's counsel also promptly filed a motion to address the issue with the Court. (Doc 84)

23. Throughout the tenure of this case, while certainly advocating for our respective clients, Plaintiff's counsel was under the impression that the parties were working together in good faith, without gamesmanship, to obtain discovery and move this case forward to a just resolution. As demonstrated above, Plaintiff diligently and in good faith obtained and served updated medical records; consented to Defendant's request to file a joint motion to extend; in communicating with defense counsel regarding expert reports; and in the service of his expert reports. Plaintiff continued to act in good faith in producing Plaintiff's mother and fiancée for deposition on April 5, 2023, *three weeks* after the March 14, 2023 close of fact discovery despite Defendants awareness of these witnesses since September 2022.

24. Notwithstanding, and despite Plaintiff's continued efforts to work with defense counsel throughout this litigation in good faith, Defendants filed this motion to exclude.

25. Notably, on April 11, 2023, *almost a month after the close of fact discovery* and *without the consent of the Court (or even a discussion with Plaintiff's counsel),* Mr. Roth served three (3) subpoenas for records. Therefore, Defendants continue to seek the benefit of continued discovery after the close of discovery, while simultaneously seeking to bar Plaintiff.

26. Accordingly, for the reasons set forth herein and in the accompanying Memorandum in Opposition, Plaintiff respectfully requests that the Court deny Defendants' Motion to Exclude Plaintiff's Expert, Linda Lajterman, as the failure to timely serve was both substantially justified and harmless.

I hereby certify that the foregoing statements made by me are true and that the copies of documents attached hereto are true copies of those documents in my file. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: **/S/ DAMON A. VESPI**
**DAMON A. VESPI, (NJ-025991998)**
**THE VESPI LAW FIRM, LLC**
547 Union Blvd.
Totowa, New Jersey 07512
Telephone: (973) 633-1000
Facsimile: (973) 595-7100
Email: dvespi@vespilegal.com
*Counsel for Plaintiff, Ronald K. Serafin*

Dated: April 14, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on 14th day of April 2023, the foregoing Affirmation of Damon A. Vespi, Esq. with exhibits, and Certification of Service were filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the filing receipt.

        **/S/CHRISTOPHER A. MARUCA**
        **CHRISTOPHER MARUCA**
        **THE MARUCA LAW FIRM, LLC**
        201 East Commerce Street, Suite 316
        Youngstown, OH 44503
        Telephone: (330) 743-0300
        Facsimile: (330) 743-0301
        Email: cmaruca@marucalaw.com
        *Local Counsel for Plaintiff, Ronald K. Serafin*