**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD K. SERAFIN,** | ) | CASE NO. 4:22-CV-467 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| **THOMAS D. BROWN,** *et. al.*, | ) | **DEFENDANTS THOMAS D. BROWN** |
| | ) | **AND SCHNEIDER NATIONAL** |
| Defendants. | ) | **CARRIERS, INC.'S REPLY BRIEF IN** |
| | ) | **SUPPORT OF MOTION IN LIMINE TO** |
| | ) | **EXCLUDE PLAINTIFF'S EXPERT** |
| | ) | **LINDA LAJTERMAN** |

Throughout the pendency of this litigation, this Court has made it abundantly clear through its Orders and discussions during pre-trial conferences that parties and their counsel are expected to strictly adhere to all Court-imposed deadlines. Defendants have planned their case strategy based on this expectation and have diligently worked to comply with all of this Court's dates and deadlines. Plaintiff has disregarded this Court's and the rules of Civil Procedure as it relates to disclosure of expert testimony, and in doing so, has unfairly prejudiced Defendants.

Plaintiff has failed show that failure to disclose Ms. Lajterman was substantially justified or harmless. For these reasons, Defendants request that this Court enforce its Order and strike the opinions Ms. Lajterman based on late disclosure.

A. **Procedural History.**

On July 15, 2022, Defendants served Plaintiff with interrogatories, including Interrogatory No. 23 that asked Plaintiff to identify any expert witnesses and "the substance of the facts and opinions to which the expert is expected to testify." In response, Plaintiff never identified Ms. Lajterman or a life care planner.

On July 11, 2022, this Court issued an Order stating that "the affirmative expert disclosure cut-off is December 13, 2022; rebuttal expert disclosure cut-off is February 13, 2023." By this Order, gave Defendants over 60 days from the date on which Plaintiff should have identified their experts and the substance of their testimony to provide this information to their own experts to analyze and address in their reports. Plaintiff claims that he misread this Order and was not aware of this deadline or his obligations under Fed.Civ.R. 26 to disclose the opinions of his experts.

As pointed out, one week prior to the deadline for Defendants to submit their expert reports, undersigned counsel requested that Plaintiff comply with the Civil Rules and disclose the substance of their experts' opinions. Undersigned counsel was never given the impression that Plaintiff was unaware of this Court's deadline and any insinuation that it was Defendants' obligation to notify Plaintiff of his obligations under the Court's Order is without merit.

In any event, at this point in the proceedings, Plaintiff should have immediately notified counsel of the substance of their experts' opinions. Instead, Plaintiff waited until after receiving Defendants' expert reports to produce a report from Ms. Lajterman. By doing so, gained an unfair advantage that was not contemplated by the Court's scheduled.

In addition to producing his expert reports in a fashion that would not allow Defendants' experts to address the specific opinions of Plaintiff's experts, the late disclosure of Plaintiff's

experts' reports over three months beyond the deadline, made it impractical, if not, impossible for Defendants to schedule their depositions by the April 13, 2023 deadline for expert discovery. While Defendants acknowledge that Plaintiff would have allowed him to depose experts beyond the Court's deadline, this was specifically, prohibited by this Court and therefore, not an appropriate remedy to the situation.

**B.     Ms. Lajterman's disclosure comes as an unfair surprise to Defendants.**

There is no disputing that Ms. Lajterman's untimely and improper disclosure came at a complete surprise to Defendants. She is mentioned nowhere prior to her disclosure in March 2023. To the extent Plaintiff's counsel mentioned getting a life care planner in July 2022, this is not sufficient disclosure. If anything, mentioning potentially disclosing a life care planner originally and then failing to disclose one almost six months later is indicative that Plaintiff may have decided against producing a life care planner. Accordingly, the "surprise factor" weighs in favor of striking Ms. Lajterman.

**C.     There is no cure for the late disclosure as the prejudice to Defendants has already been done and would require eviscerating this Court's scheduling order.**

For the same reasons as stated in Defendants' Reply in Support of Motion in Limine to Exclude Plaintiff's medical doctors, Plaintiff is incorrect that late and improper disclosure can be cured. It should be noted, that allowing Ms. Lajterman to testify as an expert in this matter would unjustifiably make Defendants incur further costs in retaining a rebuttal expert.

Accordingly, the "cure factor" weighs in favor of striking these doctors, or at the very least, barring their opinions in regards to causation, permanency, and need/cost of future treatment.

**D.    Allowing untimely and improperly disclosed experts will disrupt the trial in this matter.**

For the same reasons as stated in Defendants' Reply in Support of Motion in Limine to Exclude Plaintiff's medical doctors, Ms. Lajterman's late and improper disclosure will disrupt the trial in this matter.

Accordingly, the "disruption factor" weighs in favor of striking these doctors, or at the very least, barring their opinions in regards to causation, permanency, and need/cost of future treatment.

**E.    Plaintiff is not required to have an expert witness(es).**

Plaintiff is bringing common law negligence claims against Defendants stemming from a motor vehicle accident. Defendants are not aware of any law that requires Plaintiff, as a matter of law, to have an expert to succeed on a common law negligence action. Plaintiff not having experts will not preclude summary judgment as to Plaintiff's negligence claim.

What Plaintiff is correct about is that absence of damages experts, including life care planner, in this matter will change the potential value of his case. This is even more of a reason to properly disclose experts in a timely fashion.

Defendants concede that the "importance of the evidence factor" is at least neutral or could even favor Plaintiff. However, this is one factor of five courts use to determine if late disclosure was substantially justified or harmless. It should be worth noting that if this was the only or major factor courts consider, then almost any late disclosure could be considered substantially justified or harmless as the late disclosing party would not be disclosing the expert to begin with if the expert was not important to the plaintiff's case.

**F.     Plaintiff does not have a good explanation for the late and improper disclosure of experts.**

For similar reasons as stated in Defendants' Reply in Support of Motion in Limine to Exclude Plaintiff's medical doctors, Ms. Lajterman's late and improper disclosure does not have a good explanation.

Accordingly, the "explanation factor" weighs in favor of striking these doctors, or at the very least, barring their opinions in regards to causation, permanency, and need/cost of future treatment.

**G.     Conclusion.**

Plaintiff has failed to meet its burden in showing that his untimely and improper disclosure of experts is substantially justified or harmless. To the contrary, the relevant factors support that the untimely and improper disclosure was not substantially justified or harmless. Therefore, for the reasons set forth above and in its Memorandum in Support, Defendants respectfully request the Court bar Ms. Lajterman from testifying at trial as an expert.

Respectfully submitted,

*/s/Matthew A. Smartnick*
**TIMOTHY P. ROTH (0064146)**
**MATTHEW A. SMARTNICK (0096932)**
**GALLAGHER SHARP LLP**
1215 Superior Avenue, 7th Floor
Cleveland, Ohio  44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
troth@gallaghersharp.com
msmartnick@gallaghersharp.com
*Attorneys for Defendants Thomas D. Brown and Schneider National Carriers, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2023 the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by electronic and/or regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/Matthew A. Smartnick
**TIMOTHY P. ROTH (0064146)**
**MATTHEW A. SMARTNICK (0096932)**
**GALLAGHER SHARP LLP**
*Attorneys for Defendants Thomas D. Brown*
*and Schneider National Carriers, Inc.*