PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD K. SERAFIN, | ) |
| | ) CASE NO. 4:22-CV-0467 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| THOMAS D. BROWN, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **AND ORDER** |
| | ) [Resolving ECF No. 93] |

Pending before the Court is Defendants Thomas D. Brown and Schneider National Carriers, Inc.'s. Motion for Partial Summary Judgment.[1] ECF No. 93. The matter has now been fully briefed. Having reviewed the record, including the parties' briefs, exhibits, and applicable law, the Court denies Defendants' Motion for Partial Summary Judgment.

## I. Background

On December 18, 2019, Plaintiff and Defendant Brown were both driving tractor-trailers on the Interstate-80 highway in Ohio when Defendant Brown's tractor-trailer struck Plaintiff's tractor-trailer. Defendant Schneider National Carriers, Inc. was Defendant Brown's employer at the time of this incident. As a result of this accident, Plaintiff suffered

---

[1] Defendants did not accompany their dispositive motion with a statement certifying that they submitted a written request for judgment or dismissal to opposing counsel as required by the Court's Case Management Conference Plan/Order. *See* ECF No. 46 at PageID #: 98. The parties also failed to submit a joint stipulation of uncontested facts or a joint notice stating that there are no stipulated facts as mandated by the Case Management Conference Plan/Order. *See* ECF No. 46 at PageID #: 98.

(4:22-CV-0467)

multiple injuries which were treated through numerous surgical procedures and physical therapy sessions over the course of the next few years. *See* ECF No. 98 at PageID #: 969–71. Since March 2020, Plaintiff has undergone surgical procedures to his shoulders, knees, lumbar spine, and cervical spine. *See* ECF No. 93 at PageID #: 875; ECF No. 98 at PageID #: 969–70.

Plaintiff brought multiple negligence claims against all Defendants.[2] *See* ECF No. 1. Defendants subsequently filed a Motion for Partial Summary Judgment seeking the Court's determination that Ohio's statutory cap on noneconomic damages should apply in this case. Plaintiff filed an opposition arguing that he falls under one of the statutory exceptions to the imposition of such a damages cap. ECF No. 98. Defendants filed a reply in support of their position. ECF No. 99.

## II. Standard of Review

Federal Rule of Civil Procedure 56(a) instructs courts to grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, "after adequate time for discovery and upon motion, [the Court will enter summary judgment] against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" only if its resolution will affect the outcome of the lawsuit.

---

[2] Defendants Thomas D. Brown and Schneider National Carriers, Inc. are the only remaining defendants in this matter. All other defendants have been dismissed upon reaching settlement agreements with Plaintiff. The parties jointly stipulated to a partial dismissal of Plaintiff's Count III claims against Defendant Schneider National Carriers, Inc. for negligent hiring, screening, training, supervising, and retention. *See* ECF No. 96.

(4:22-CV-0467)

Scott v. Harris, 550 U.S. 372, 380 (2007). In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict. Id.

To survive summary judgment, "the non-moving party must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" Baker v. City of Trenton, 936 F.3d 523, 529 (6th Cir. 2019) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. The non-moving party must go beyond the pleadings to designate specific facts found in the record that demonstrate genuine issues for trial, which may include affidavits, declarations, depositions, answers to interrogatories, or admissions on file. Celotex Corp., 477 U.S. at 324 (citing Fed. R. Civ. P. 56(c)); see also KSA Enterprises, Inc. v. Branch Banking & Tr. Co., 761 F. App'x 456, 464 (6th Cir. 2019). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Srouder v. Dana Light Axle Mfg., LLC, 725 F.3d 608, 613 (6th Cir. 2013) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). In analyzing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party." Lossia v. Flagstar Bancorp, Inc., 895 F.3d 423, 428 (6th Cir. 2018) (citing Latits v. Phillips, 878 F.3d 541, 547 (6th Cir. 2017)).

3

(4:22-CV-0467)

### III. Discussion

Defendants move the Court to impose Ohio's statutory cap on the amount of noneconomic damages in this case pursuant to Ohio Rev. Code § 2315.18(B)(2), arguing that Plaintiff does not qualify for either of the statutory exceptions to Ohio's noneconomic damages cap. Ohio Rev. Code § 2315.18(B)(2) provides that in a tort action, "the court must limit recovery to the greater of (1) $250,000 or (2) three times the economic damages up to a maximum of $350,000, or $500,000 per single occurrence." *Arbino v. Johnson & Johnson*, 2007-Ohio-6948, ¶ 28, 116 Ohio St. 3d 468, 474, 880 N.E.2d 420, 430 (citing Ohio Rev. Code § 2315.18(B)(2)). Although Ohio maintains a statutory cap on noneconomic damages in tort actions, Ohio Rev. Code § 2315.18(B)(3) provides two circumstances under which a plaintiff's noneconomic damages may not be limited:

> (a) Permanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system;
> (b) Permanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities.

Ohio Rev. Code § 2315.18(B)(3). If Plaintiff meets either exception, Ohio's statutory cap on noneconomic damages would be lifted.

Plaintiff contends that his significant surgical scarring and the hardware inserted in his spine constitute permanent and substantial physical deformities, thereby exempting him from Ohio's statutory cap on noneconomic damages.[3] ECF No. 98 at PageID #: 978.

---

[3] Plaintiff remained silent on the issue of whether he suffered a permanent physical functional injury that prevents him from being able to independently care for himself and perform life-sustaining activities. By his silence, Plaintiff concedes that he has not suffered a permanent physical functional injury that prevents him from being able to independently care for himself and perform life-sustaining activities. *See* Fed. R. Civ. P. 56(e)(2).

4

(4:22-CV-0467)

Defendants maintain that Plaintiff's surgeries have only left him with minor scars that "do not constitute substantial physical deformities as a matter of law." ECF No. 93 at PageID #: 882. Both parties submitted photograph exhibits of Plaintiff's visible surgical scars at various stages of his healing process along with x-ray exhibits that display Plaintiff's internal surgical hardware. *See* ECF No. 98-4; ECF No. 98-6; ECF No. 99 at PageID #: 1114; ECF No. 99-1.

Although Ohio Rev. Code § 2315.18(B)(3) does not specify what constitutes a permanent and substantial physical deformity, the Ohio Supreme Court has held that only "catastrophic" injuries are exempt from Ohio's noneconomic damages cap. *Arbino*, 2007-Ohio-6948, ¶ 28, 116 Ohio St. 3d at 474, 880 N.E.2d at 430. For example, a single four-centimeter surgical scar with no evidence of additional injuries would not lead reasonable minds to conclude that such a minor scar "amounts to a severe disfigurement." *Weldon v. Presley*, No. 1:10 CV 1077, 2011 WL 3749469, at *7 (N.D. Ohio Aug. 9, 2011), report and recommendation adopted, No. 1:10 CV 1077, 2011 WL 3754661 (N.D. Ohio Aug. 25, 2011). Save for instances when a plaintiff displays a single minor scar that is clearly not a permanent and substantial deformity, caselaw has largely encouraged courts to submit the issue to the jury when "reasonable minds might disagree about the nature of a plaintiff's injuries." *Ohle v. DJO Inc.,* No. 1:09-CV-02794, 2012 WL 4505846, at *4 (N.D. Ohio Sept. 28, 2012) (citing *Anderson*, 477 U.S. at 250). For example, in *Farm Bureau Gen. Ins. Co. of Michigan v. Schneider Nat'l Carriers, Inc.*, a Southern District of Ohio court recently held that the plaintiff's evidence of nerve damage and a "scar stretching 14-16 centimeters due to the surgery following his type V tibia plateau fracture," was "sufficient for submission to a jury to determine whether it constitutes 'permanent and substantial

5

(4:22-CV-0467)

physical deformity.' " No. 2:20-CV-2523, 2023 WL 4108494, at *13 (S.D. Ohio June 21, 2023).

The parties cite persuasive authority to establish the severity of injuries required for a plaintiff to survive summary judgment on the issue of Ohio's statutory, noneconomic damages cap. Both parties cite *Ross v. Home Depot USA Inc.*, in which the court submitted to the jury the issue of whether the plaintiff's left knee or shoulder injury constituted a "permanent and substantial physical deformity." No. 2:12-CV-743, 2014 WL 4748434, at *7 (S.D. Ohio Sept. 23, 2014). The parties, however, disagree on whether the severity of Plaintiff's deformities is comparable to that suffered by the plaintiff in *Ross*. See id. Defendants also cite *Jackson v. Transp. Corp. of Am., Inc.*, a recent Northern District of Ohio case, concluding that four pieces of metal hardware surgically inserted in the plaintiff's neck are "invisible to the naked eye," and therefore, "[n]o reasonable jury could find an invisible injury to be a substantial physical deformity." No. 1:21-CV-01325, 2023 WL 3058158, at *10–11 (N.D. Ohio Apr. 24, 2023). In opposition, Plaintiff cites to *Wesney v. Knight Transp., Inc.*, another Northern District of Ohio case, determining that because the plaintiff in *Wesney* met his evidence threshold by providing proof of internal and visible external deformities, the genuine dispute regarding the severity of the plaintiff's injuries was best left to the jury to resolve. No. 3:20 CV 00787, 2022 WL 18135190, at *2 (N.D. Ohio Mar. 11, 2022) (citing *Johnson v. Stachel*, 154 N.E.3d 577, 597 (Ohio. Ct. App. 2020)).

Plaintiff's case is more akin to *Wesney* than it is to *Jackson* given that Plaintiff's photograph and x-ray exhibits show that he has multiple internal and external deformities. Evidence of Plaintiff's metal hardware implantations and visible surgical scars, thus, leave

6

(4:22-CV-0467)

a "factual determination best left for the jury to decide." *Ross*, No. 2:12-CV-743, 2014 WL 4748434, at *6. Defendants argue that even in the cases that have survived summary judgment, like *Ross*, the courts have not affirmatively held that the plaintiffs' injuries were permanent and substantial physical deformities. ECF No. 93 at PageID #: 880. Although this may be true, at the summary judgment stage, the Court's objective is limited to determining "whether there is a genuine issue for trial" and does not extend to weighing evidence or determining the truth of the matter. *Anderson*, 477 U.S. at 249.

Given the photograph and x-ray exhibits of Plaintiff's internal and external deformities, Plaintiff has provided sufficient evidence to create a genuine issue of material fact regarding the permanence and substantiality of his injuries. *See* Ohio Rev. Code § 2315.18(B)(3); s*ee also Swink v. Reinhart Foodservice, LLC*, No. 3:20-CV-1997, 2022 WL 1203063, at *4 (N.D. Ohio Apr. 22, 2022) (determining that there is a genuine issue of material fact as to whether the plaintiff's scarring and non-union of her femoral fracture caused her to suffer a permanent and substantial deformity); *Schmid v. Bui*, 5:19-CV-1663, 2020 WL 8340144 (N.D. Ohio Sept. 16, 2020) (finding an issue of material fact exists for the jury to determine whether the plaintiff's six surgeries involving internal surgical hardware, a hip replacement, and scarring constitute permanent and substantial deformities). Accordingly, the Court finds that the jury is in the best position to determine whether Plaintiff's injuries qualify as permanent and substantial physical deformities under Ohio Rev. Code § 2315.18(B)(3).

(4:22-CV-0467)

## IV. Conclusion

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment (ECF No. 93) is denied.  The Final Pretrial Conference and Trial will proceed in accordance with the Civil Trial Order.  See ECF No. 95.

IT IS SO ORDERED.

| | |
|---|---|
| July 11, 2023 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

8